[No. 11457. Department One. September 15, 1914.]

PHILIP A. KRUG, *Respondent*, v. DORA E. KRUG, *Appellant*.[1]

HUSBAND AND WIFE—SEPARATION—PROPERTY AGREEMENT—FRAUD. An agreement between a husband and wife to dissolve the marriage relation and for a division of property rights, made in contemplation of separation and a subsequent divorce, which occurred, will not be set aside on the ground of fraud on the part of the wife in concealing from the husband her previous improper conduct with another man during the marriage relation, the evidence being insufficient to show positive immoral conduct on the part of the wife.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 18, 1913, upon findings in favor of the plaintiff, in an action for a divorce, after a trial to the court. Reversed.

*Robertson & Miller*, for appellant.

*Scott & Campbell*, for respondent.

MAIN, J.—The purpose of this action was to secure a decree dissolving the bonds of matrimony and annulling a post-nuptial property agreement and settlement between the parties. The cause was tried to the court without a jury. Judgment was entered granting a decree of divorce to the plaintiff and annulling the property agreement. The defendant has appealed.

The parties to the action were married in Whitman county, Washington, on the 9th day of July, 1907. Thereafter, with the exception of two or three years residence in Stevens county, they resided continuously in Spokane county. On the 2d day of May, 1912, a separation and property agreement was entered into, signed by the parties, and duly acknowledged. This agreement recited that the parties thereto had separated and dissolved the marriage relationship and community interests, and, among other things, provided that all the property which then stood in the name of the wife should

[1]Reported in 142 Pac. 1136

be and become her sole and separate property, and that all the property which at that time stood in the name of the husband should likewise be his sole and separate property.

The findings of the trial court, so far as here germane, are as follows:

"(3)   That this defendant has treated this plaintiff in a cruel and inhuman manner and has heaped upon him personal indignities rendering his life burdensome, in that during and since the month of June, 1911, and up to and including the month of September, 1912, she has openly, notoriously, continuously and improperly consorted and kept company with one Herbert F. Rising, without the consent of plaintiff and for a great portion of said time without his knowledge, and that such improper conduct consisted of frequent visits made by the said Rising to defendant at plaintiff and defendant's home, during plaintiff's absence therefrom, and of said defendant meeting said Rising at various times away from her home, for the purpose of improperly associating and consorting with him; that the said defendant deceived plaintiff in that she stated to him when going away that she was visiting a lady friend whom she designated as an 'old maid,' who did not wish or care for the society of men, and that the said plaintiff did not learn or know that plaintiff was deceiving him in this regard until on or about the first of June, 1912, and that such conduct resulted in plaintiff and defendant separating shortly after the first of May, 1912, and thereupon defendant removed from her home in the residence district in the city of Spokane, Washington, and took an apartment in a down-town apartment house, where she would not attract public notice in receiving the attentions of the said Rising, and that after removing to said location she did receive the attentions of the said Rising, and did thereafter openly, notoriously, continuously and improperly consort with him, and especially so upon the 15th day of June, 1912, at the hour of 9:30 P. M.

"(5)   That at the time said contract was entered into and the property divided as aforesaid, this plaintiff was totally ignorant of defendant's improper association with the said Herbert F. Rising, as hereinbefore found, and did not know that the defendant was associating, keeping company and consorting with him, and further that the said plaintiff did

not learn of such association of the said defendant and the said Rising until on or about the first day of June, 1912; that by reason of plaintiff's lack of knowledge concerning the said defendant's association with the said Rising as aforesaid, and of her not giving him full information of the same, the said defendant practiced fraud and deceit on this plaintiff in the procuring of said contract to such an extent that the same is not valid and binding upon the plaintiff herein, and should be set aside, annulled and held for naught."

In the decree the court made a property allowance to the wife, but this was in a less amount than that which she was to have under the contract.

The sole question here for determination is whether the trial court erred in vacating and setting aside the post-nuptial property agreement. The facts found, which are above set out, are sustained by the evidence. The inquiry, then, must be directed to the question whether the facts found justified the court in vacating and annulling the written contract signed by the parties.

Both parties seem to be content with the decree so far as it dissolves the bonds of matrimony. The question is, whether the failure of the wife to disclose to her husband, at the time the property agreement was executed, her previous association with Rising constituted fraud which inhered in the property settlement contract. Both the appellant and the respondent agree that if the contract is to be annulled it must be on the ground of fraud. It is a familiar rule that, in order to establish fraud, it is necessary that the evidence be clear and convincing. The conduct of the wife subsequent to the execution of the agreement cannot be considered as affecting the validity of the contract, except in so far as such conduct would serve to explain or interpret her previous acts. The only fraud claimed, or found by the trial court to exist, consisted in the failure of the wife, at the time of the execution of the contract, to make known to her husband that she had previously been associating with Rising.

The contract recites that the parties thereto "have separated and dissolved their marriage relationship and community interest." It is also provided that the "party of the first part [the appellant] hereby waives and releases any and all claims or demands for alimony, suit money and attorneys' fees which she may have against the party of the second part in any action of divorce which she may prosecute." The parties, by their contract, settled their property rights, recited that they had separated and dissolved their marriage relationship, and recognized that a divorce action might be instituted. The husband, at this time, it is true, did not know of the wife's previous association with Rising, but, aside from this dereliction, there must have been in his mind sufficient grounds to justify the contract which he executed. While the evidence shows that the husband was not fully apprised as to the shortcomings of the wife, it yet does not appear that the derelictions of the wife, which were unknown to him, are sufficient to justify the setting aside the contract on the ground of fraud. Had the contract been executed upon the assumption, or upon the reasonable grounds for belief, that the marriage relation would be continued after its execution as before, then an entirely different question would be presented. It may also be that one party to the marriage relation might so far disregard its obligations that a contract entered into without knowledge of such faithlessness would constitute fraud, even though there were sufficient known grounds which justified the separation and settlement; but if there be such a rule, the facts of this case do not come within it. Giving the evidence of the facts which occurred prior to the execution of the agreement their severest interpretation against the appellant, they would yet fall short of showing positive immoral conduct. That the appellant associated with a man not her husband, and that this was not known to the respondent at the time the contract was executed is plain; but the contract being executed with view to a separation, which occurred, and ultimately a divorce, it

would seem that the conduct of the wife was not a fault sufficient to constitute fraud which inhered in the contract. The authorities cited in each of the briefs have been examined with care, and in none of them is the exact question here presented considered.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter judgment in accordance with the view herein expressed.

CROW, C. J., ELLIS, and GOSE, JJ., concur.