[No. 16346.  Department Two.  August 26, 1921.]

IONIA FITZSIMMONS, *Respondent*, v. ROBERT C. FITZSIMMONS, *Appellant*.[1]

DIVORCE (109)—RIGHTS OF DIVORCED PARTIES—PROPERTY DISPOSED OF BY STIPULATION — CONTRACTS — ENFORCEMENT — FRAUD.  Where, pending a divorce proceeding, a man and wife entered into a written contract purporting to settle their property rights, by the terms of which the husband agreed to convey certain property to the wife, an action by the wife, after divorce, for the specific performance of the contract would not be defeated by evidence showing that, at the time the property settlement was entered into, letters were written to the wife by another man, couched in endearing terms and of a nature to indicate the writer had reason to believe his attentions were welcomed by the wife; since such misconduct on her part did not constitute fraud inhering in the contract between them.

SAME.  A property settlement pending divorce whereby the husband agreed to convey certain property to her was enforcible by her, where the evidence showed her separate property had been consumed by the community, and there was no showing of gross misconduct or of fraud on her part which produced for her an advantage which would be unfair and unjust.

Appeal from an order of the superior court for Spokane county, Blake, J., entered October 9, 1920, granting a new trial, after a judgment entered in favor of the defendant, in an action for specific performance. Affirmed.

*Ferris & Ferris,* for appellant.

*Davis & Heil,* for respondent.

TOLMAN, J.—Respondent brought this action to enforce the specific performance of a contract to convey to her certain real estate situated in Spokane county. It appears that the parties hereto were formerly husband and wife, and while an action for divorce was pending, they entered into a written contract purport-

[1]Reported in 200 Pac. 305.

ing to settle their property rights, by the terms of which, among other things, the husband agreed to convey, or cause to be conveyed to the wife, the property in question.

Appellant defended upon the ground that he had expressly stated, at the time the contract was entered into, that, if there was no other man in the case, he would make the settlement the wife wished, but if she was involved with another man, he would make no property settlement whatever with her, and upon her assurance that she never had anything to do with any other man, he executed the agreement. No stipulation with reference to this subject was embodied in the contract. Appellant produced, and offered in evidence at the trial, letters written to the wife at about the time the property settlement was made, by another man, couched in most endearing terms, and of a nature to indicate that the writer had reason to believe that his attentions were welcomed by the recipient. At the close of the testimony, the trial court indicated that if it were conceded that the conversation relating to another man in the case never took place, or was such as not to constitute any actual misrepresentation, yet the letters indicated enough to defeat the rights of the respondent, and therefore entered a judgment denying her any relief. Upon the argument of a motion for a new trial, the court's attention was called to the case of *Krug v. Krug*, 81 Wash. 461, 142 Pac. 1136, whereupon the judgment previously entered was set aside and a new trial granted, from which order the defendant appeals.

The testimony of appellant regarding the conversation at the time of the making of the contract, as to there being no other man in the case, is denied *in toto* by the wife, and also by the attorney who drew up the

contract, and in the absence of any finding upon that subject by the trial court we might well hold that appellant has failed to sustain the burden of proof in that respect; but however that may be, we cannot hold that the representations, if made, related to a material fact and constituted a fraud inherent in the contract.

We recognize that specific performance is not a matter of right, but of equity, and a prayer therefor is addressed to the sound legal discretion of the court, and before a court of equity will decree specific performance it must appear that the contract had been fairly entered into.

Here the contract, as in the *Krug* case, recognized the pendency of the divorce action, and was not made upon the assumption that the marriage relation was to be continued, and as was there said:

"Giving the evidence of the facts which occurred prior to the execution of the agreement their severest interpretation against the appellant, they would yet fall short of showing positive immoral conduct. That the appellant associated with a man not her husband, and that this was not known to respondent at the time the contract was executed is plain; but the contract being executed with a view to a separation, which occurred, and ultimately a divorce, it would seem that the conduct of the wife was not a fault sufficient to constitute a fraud which inhered in the contract."

True, in the *Krug* case it was sought to set aside a contract, and not to have it specifically performed, but there the court denied the equitable relief sought because the fraud did not inhere in the contract, and here the equitable relief sought should be granted for the same reason. Moreover, in view of our community property law, and the evidence in the case to the effect that the wife's separate property had been consumed by the community, and this property was given her in

lieu thereof, it would be highly inequitable to deny relief to the wife except for her gross misconduct, or a fraud which produced for her an advantage which would be unfair and unjust. There being no attempt made here to show that the property settlement in question was in any respect unfair or unjust, the agreement should be enforced.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.